HENRY CARTER *vs.* HENRY M. HOLBROOK & others.

The plaintiff, one of several partners in a firm which had been dissolved by mutual consent, having brought his bill in equity against the others, for an account and settlement of the partnership affairs, and, among other things, having alleged therein that H., one of the defendants, who had agreed to settle the affairs of the partnership, upon the dissolution, had collected large sums of money belonging thereto, and had lent the same on interest, and had refused the plaintiff access to the books of the company; the defendant H. pleaded, that, at the time of the dissolution of the partnership, it was agreed between the plaintiff and defendant and several other persons, to form a new partnership, to which the property and effects of the old firm were to be paid and delivered as and for parts of the capital stock of the members, respectively; that the property and effects were transferred accordingly with the plaintiff's consent to the new firm, and became a part of their capital; that the members of the new firm entered upon and prosecuted the same business in which the old firm had been engaged; that the concerns of the new firm remained unsettled; that it was not then possible to determine whether any and what portion of the capital so contributed had been lost in the business; nor were the parties before the court capable of taking and settling an account of the affairs of the last mentioned firm: It was held, that the plea met all the material allegations of the bill, necessary to sustain the plaintiff's case, and, that, if the facts therein alleged were true, it was a sufficient bar to the bill.

THIS was a bill in equity for an account of partnership transactions, and for the appointment of a receiver and an injunction. It stated that the plaintiff and defendants were partners in the dry goods business in Boston, under the firm of Holbrook, Bowman & company, for five years preceding February, 1841, at which time the partnership was dissolved by mutual consent; that, at the dissolution, the defendant Bowman sold all his interest in the firm to the defendant Holbrook; that it was then agreed between the plaintiff and the defendant Holbrook, that the latter should settle the affairs of the firm, rendering accounts from time to time to the plaintiff, and paying him one tenth of the balance which should remain at last; that Holbrook, for the alleged purpose of carrying this agreement into effect, took possession of all the partnership property and evidences of property, and had collected large sums of money belonging to the company, which he had lent at interest, and that he had received partnership property, to the amount of upwards of one hundred and fifty thousand dollars; and that Holbrook, though often requested, had and still refused to render any account of the partnership affairs to the plaintiff.

The pretences stated were, that the partnership effects had been all expended in the payment of debts, and that Holbrook had not invested the company's property. But the plaintiff charged, on the contrary, that if an account were taken, a large balance would be found due to the plaintiff; and that Holbrook refused the plaintiff access to the books of the company, and that he was still collecting and applying to his own use their property.

The prayer of the bill was, that the defendants might answer; that a just and true account of all the partnership affairs might be taken; that the defendant Holbrook might be decreed to pay the plaintiff the balance which should be found due on such account; that a receiver might be appointed; and that Holbrook might be restrained from furthei managing the company's affairs.

The defendant Holbrook pleaded, that at the time of the dissolution of the partnership of Holbrook, Bowman & company, and at the time of the purchase by such defendant of the interest of Bowman, it was understood and agreed, by and between this defendant and the plaintiff, that the effects of the late firm of Holbrook, Bowman & company should be furnished and paid over to, and as the capital of, a new firm of Holbrook, Carter & company, consisting of this defendant and the plaintiff and others, which new firm was formed immediately on the dissolution of the former, and was designed to, and in fact did, continue to prosecute the same business theretofore done by the firm of Holbrook, Bowman & company ; that the effects of Holbrook, Bowman & company were in fact furnished and paid over to, and received by, the firm of Holbrook, Carter & company, and used in their business, with the knowledge and consent of the plaintiff, who was a member of the last mentioned firm, all which was afterwards manifested and declared in and by a paper writing signed by the plaintiff and this defendant ; that the defendant did also furnish and pay over to the new firm a large amount of money, exceeding one hundred thousand dollars, belonging solely to himself ; and that a large amount of money, exceeding forty thousand dollars, due to him severally from Holbrook, Bowman & company at the time of the dissolution, and not embraced in the effects of Holbrook, Bowman & company, in which the plaintiff had an interest, was also furnished and paid over to the said firm.

The defendant also averred, that the affairs of the firm of Holbrook, Carter & company were still unsettled, and that it was not then possible to determine whether any and what portion of the capital so contributed as aforesaid, had been lost in their business ; nor were the parties before the court capable of taking and settling an account of the affairs of the last mentioned firm.

*W. Sohier*, for the plaintiff, referred to *Newton* v. *Thayer*, 17 Pick. 129; *Williams* v. *Henshaw*, 11 Pick. 79; *Chandler* v. *Chandler*, 4 Pick. 78; Story, Partn. § 329; *Craw-*

*shay* v. *Collins*, 15 Ves. 218 ; *Stoughton* v. *Lynch*, 1 Johns. Ch. 467.

*B. R. Curtis*, for the defendants.

SHAW, C. J. This was a bill in equity by one partner against his partners, setting forth the existence of a former partnership between the parties, under the firm of Holbrook. Bowman & company, and a dissolution of the same, and seeking of the defendants an account and settlement of the affairs of that partnership.

To this bill the defendant Holbrook pleaded an agreement, entered into simultaneously with the dissolution of the former partnership of Holbrook, Bowman & company, for the formation of a new partnership, of which the plaintiff and defendant, and several other persons became members, by the terms of which it was stipulated, that all the property and effects of the old firm should be paid and delivered over to the new firm, as and for shares of their capital stock ; that the effects in question, thus transferred with the plaintiff's consent to the new firm, did become part of their capital, and that they did enter upon and prosecute the same business in which the old firm had been engaged ; and the plea further averred, that the concerns of the new firm remained unsettled. The question is upon the sufficiency of this plea as a defence to the bill.

It is objected, that this plea cannot avail, and that it does not cover the entire bill, because the plaintiff alleges, that he has demanded the books without success, and that the defendant has made an improper use of the partnership funds. The question, then, is, whether the plea does not meet all the material allegations of the bill, which are necessary to sustain the plaintiff's case. The question is not, whether the facts pleaded are true, but whether, if proved, they would constitute a good bar to the plaintiff's bill for an account.

If the agreement set forth substituted the agency and responsibility of the new firm for the liquidation, payment and satisfaction of the entire interest of Carter and the other members of the old firm, it would seem to follow, as a necessary consequence, that this superseded their right to

have a separate account from Holbrook as a liquidator of the old firm. The plea avers, that immediately after the dissolution of the firm of Holbrook, Bowman & company, the new partnership was entered into, of which the plaintiff and defendant both became members.

This agreement embraces two points, which are of importance to the present inquiry : —

1. The whole of the stock, property and effects of the old firm were to be transferred to and assumed by the new firm, subject of course to the payment of the outstanding debts. The new firm, therefore, must and did open an account with the old firm, charging them with all the debts paid, and crediting them with all the money, goods and property on hand, and with all debts as received. The balance, when ascertained, would show the amount due from the new firm to the old ; and the agreement would show the proportions to which Carter, Holbrook and the other members of the old firm would be entitled in such balance, and have credit for, as their respective shares, with the new firm.

2. It seems to us, that Carter, by agreeing with the other members to transfer and loan the whole of the capital of the old firm to the new, and to look to the latter for his share of the funds of the old firm, necessarily exonerated and discharged Holbrook from any other mode of either accounting for, or paying over, his share in those funds.

The effect of such agreement, on the part of the plaintiff, was, to make the new firm liquidators of the concerns of the old, and also to take them for his debtors. And this he may the more readily be presumed to be willing and to have intended to do, as he was himself one of those liquidators and debtors, with all the rights, powers and remedies subsisting between himself and the partners of the new firm, which had before subsisted between him and the members of the old firm.

We have examined the cases cited in support of the bill, and against this plea, and we think that no one of them is opposed to the views here taken.

It appears to us, that the plea meets all the material

allegations of the bill. It shows that the complainant has agreed to another mode, both of pursuing his remedy, and of obtaining his satisfaction, from that which arose under the first relation of copartnership. It is in the nature of an accord and satisfaction, and a good bar to this suit.

*Plea good.*